# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VENUGOPAL MURIKI, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> SAFECO INSURANCE COMPANY OF § <br> INDIANA, § <br> § <br> *Defendant.* § | Civil Action No. 4:25-cv-84 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion to Compel Appraisal and Abate Judicial Proceedings (Dkt. #7). Having considered the Motion, the relevant pleadings, and the applicable law, the Court finds that the Motion should be **GRANTED**.

### BACKGROUND

**I.     Factual Background**

This is an insurance dispute. Plaintiff Venugopal Muriki ("Plaintiff") is the owner of a home at 4103 Spring Meadow Lane, Flower Mound, Texas (Dkt. #19 at p. 2). Plaintiff maintains a homeowner's insurance policy (the "Policy") with Defendant Safeco Insurance Company of Indiana ("Defendant") (Dkt. #19 at p. 2). The Policy includes an appraisal provision (the "Appraisal Provision"), which is a mechanism for the parties to determine the value of particular loss or property damage covered under the Policy (*See* Dkt. #1-14 at p. 48). According to Plaintiff, the roof and architectural finishes of his home suffered damage after a wind and hailstorm struck on June 2, 2024 (Dkt. #19 at p. 2). So, Plaintiff submitted an insurance claim with Defendant on December 10, 2024, and requested that Defendant pay for any damage covered under Plaintiff's Policy (Dkt. #19 at p. 2). Defendant assigned an adjuster to investigate (Dkt. #19 at p. 3). Two days

later, Defendant's adjuster inspected the property (Dkt. #19 at p. 3). Defendant denied coverage (Dkt. #19 at p. 4). Defendant's decision to deny coverage was predicated upon its belief that Plaintiff had already made a claim for the same damage in 2021, which Defendant had already covered (Dkt. #20-9 at p. 3). On December 23, 2024, Plaintiff sought to invoke the Appraisal Provision by sending Defendant a demand for appraisal (Dkt. #7 at p. 3; Dkt. #20-10). Defendant refused (Dkt. #7 at p. 1). Due to Defendant's refusal to cover the damage of which Plaintiff complains, this litigation followed.

## II.     Procedural Background

On December 26, 2024, Plaintiff sued Defendant in Denton County's County Court at Law 2 (Dkt. #1-4 at p. 1). Plaintiff's Petition asserted claims for breach of contract, breach of duty of good faith and fair dealing, unfair insurance practice, and alleged that Defendant violated the Texas Deceptive Trade Practices Act and Insurance Code (Dkt. #3 at pp. 4–12). His later-filed First Amened Complaint asserts the same (Dkt. #19). Plaintiff moved to compel appraisal and abeyance in state court on January 15, 2025 (Dkt. #1-6). Defendant then removed the matter to Federal Court, asserting diversity jurisdiction under § 1332(a).[1] Plaintiff then re-urged his Motion to Compel Appraisal and Abate Judicial Proceedings (Dkt. #7). Through it, he seeks enforcement of the Appraisal Provision and abatement of this lawsuit until appraisal is complete (*See generally* Dkt.

---

[1] Though uncontested, the Court maintains an independent obligation to ensure that subject matter jurisdiction exists. *Soaring Wind Energy, L.L.C. v. Catic USA Inc.*, 946 F.3d 742, 749 (5th Cir. 2020). Here, it does. Subject matter jurisdiction exists under 28 U.S.C. § 1332 only when there is complete diversity of citizenship between every plaintiff and every defendant and the amount in controversy exceeds $75,000. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014). Complete diversity of citizenship exists between the parties (*See* Dkt. #1 at p. 2). Though Plaintiff's state court Petition does not state a particular damages amount, Defendant alleges that Plaintiff's demand letter to Defendant claims "actual damages of $42,887.63 and also seeks treble damages" (Dkt. #1 at p. 3). Accordingly, Defendant submits that the amount in controversy requirement is satisfied (Dkt. #1 at p. 3). Plaintiff does not dispute Defendant's factual basis for removal. The Court therefore accepts Defendant's representation of Plaintiff's demand as true. *See* Local Rule CV-7(d). Accordingly, the amount in controversy requirement is satisfied. Having determined that both prongs of § 1332 are met, the Court may exercise subject matter jurisdiction.

2

#7). Defendant responded on February 13, 2025, to which Plaintiff replied that same day (Dkt. #20; Dkt. #21). The matter being ripe for adjudication, the Court now takes up Plaintiff's Motion.

## LEGAL STANDARD

As a threshold matter, the Court, sitting in diversity, applies the law of the state in which it sits to substantive questions. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). Whether appraisal is appropriate in a particular case is one such question. *See, e.g.*, *Nolan v. Geovera Specialty Ins. Co.*, No. 1:11-cv-207, 2012 WL 12892785, at *1, *3–4 (E.D. Tex. Jan. 3, 2012) (applying Texas Law to determine whether appraisal is appropriate in diversity case); *Salinas v. State Farm Lloyds*, 267 F. App'x 381, 385 (5th Cir. 2008) (affirming denial of appraisal and abatement under Texas law). Thus, Texas law governs the Court's analysis here. *See Nolan*, 2012 WL 12892785, at *3–4.

In Texas, "appraisal clauses are uniformly included in most forms of property insurance policies." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 888 (Tex. 2009) (internal citation omitted). Under Texas law, an appraisal clause is an "unequivocally" enforceable contract provision that "binds the parties to have the extent or amount of the loss determined in a particular way . . . ." *Id.* at 887, 889 (internal citation omitted); *see also In re Allstate Cnty. Mut. Ins. Co.*, 85 S.W.3d 193, 195 (Tex. 2002) (quoting *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888)). The Texas Supreme Court has held that appraisal is a condition precedent to suits themselves and are intended to take place pre-litigation. *Johnson*, 290 S.W.2d at 894.

When called upon, appraisers decide the amount of loss—not whether the insurer should pay or which party should ultimately prevail. *Id.* at 890; *Duncan v. Geovera Specialty Ins. Co.*, No. 4:21-cv-00022, 2021 WL 2376609, at *3 (S.D. Tex. June 10, 2021) ("[T]he liability determination—which includes a detailed causation analysis—is outside the province of the

3

appraisers, and will be left to the district court to ultimately decide."). While questions of liability are reserved for the courts, appraisals are not precluded simply because liability is also an issue. *Apolinar v. Safeport Ins. Co.*, No. H-24-1714, 2024 WL 3448019, at *3 (S.D. Tex. July 17, 2024) ("The amount of loss, and whether a particular loss is covered, are both at issue in this case. That does not preclude appraisal . . . ."); *Palomino v. Allstate*, No. H-24-1370, 2024 WL 2331797, at *3 (S.D. Tex. May 22, 2024) ("Appraisal is warranted to determine the amount of loss, despite the current dispute over causation and coverage."). "Unless the 'amount of loss' will never be needed, . . . appraisals should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895.

One can waive their right to enforce an appraisal provision. But "waiver requires intent, either the intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 407 (Tex. 2011) (internal citation omitted). Accordingly, one waives their right to invoke appraisal when the party opposing appraisal shows that "an impasse was reached, and that any failure to demand appraisal within a reasonable time prejudiced the opposing party." *Id*. at 412. The point of impasse is not the first sign of disagreement, but, instead, "the apparent breakdown of good-faith negotiations," where "further negotiations would be futile, 'or would be of no effect if performed.'" *Id*. at 408 (quoting *Clancy*, 8 S.W. at 631). "[P]rejudice to a party may arise in any number of ways that demonstrate harm to a party's legal rights or financial position." *Id*. at 411. Prejudice is "difficult" to show when the provision gives both parties the right to invoke appraisal because "[i]f a party senses that an impasse has been reached, it can avoid prejudice by demanding an appraisal itself." *Id*. at 412.

On the whole, "[a]ppraisal is intended to make insurance disputes easier to resolve in an efficient and timely basis." *Nolan*, 2012 WL 12892785, at *4. Thus, "in the interest of the efficient administration of justice," Federal district courts may abate cases where appropriate when compelling appraisal. *Id*. When issues of coverage persist, courts may decline to abate litigation while appraisal is underway. *Barron v. Century Sur. Co.*, No. 1:22-cv-00144-MAC, 2023 WL 7105592, at *2 (E.D. Tex. Aug. 30, 2023) (declining to abate where causation is "the most contested issue"). Ultimately, "[a] court's decision to grant or deny a motion for abatement pending appraisal is discretionary." *Id*.

## ANALYSIS

Though the Court enjoys wide latitude to abate a case pending appraisal, *see id.*, there exists "a strong policy in favor of enforcing appraisal clauses in insurance contracts," such that "[a] trial court has little discretion to deny appraisal." *Nolan*, 2012 WL 12892785, at *2. This discretion is minimal where the value of loss is at issue. *See Johnson*, 290 S.W.3d at 887 (instructing that appraisals should "generally go forward" unless the "'amount of loss' will never be needed"). "Absent illegality or waiver," Texas law generally enforces appraisal clauses. *In re Universal*, 345 S.W.3d at 407. Here, the parties dispute the amount of loss Plaintiff's property sustained following a storm on June 2, 2024 (*See* Dkt. #19; *compare* Dkt. #7, *with* Dkt. #20). That severely limits the Court's discretion to deny Plaintiff's request for appraisal. *See Nolan*, 2012 WL 12892786, at *2. No less, Defendant urges the Court to deny Plaintiff's Motion for three reasons: (1) the value of the damage will never be necessary because, according to Defendant, this dispute only "relates to coverage as Plaintiff failed to complete repairs from his prior [2021] claim"; (2) appraisal is barred because necessary conditions precedent remain unsatisfied; and (3) Plaintiff waived his right to

5

invoke appraisal under the policy (Dkt. #20 at pp. 6–12).[2] As explained below, Defendant is incorrect. The Court addresses each argument in turn, beginning with Defendant's first argument, which strikes at the core question: whether appraisal is appropriate in the first place. It is.

## I.     Appraisal is Warranted

Plaintiff contends that his property suffered over $42,000 worth of damage due to a hailstorm in June 2024 (Dkt. #19 at p. 2). Defendant maintains that the damage of which Plaintiff now complains actually resulted from a storm that took place in 2021—damage that Defendant already covered in response to Plaintiff's 2021 insurance claim (Dkt. #20 at p. 1). Defendant also avers that appraisal would not be useful here: "because the dispute in the present case has nothing to do with the amount of loss" (Dkt. #20 at p. 6). In Defendant's view, the only issue presented in this case is one of coverage—not value (Dkt. #20 at p. 6). Therefore, any evaluative inquiry would be meaningless, so the argument goes (*See* Dkt. #20 at p. 6). That is a causation defense.

Defendant's characterization of the dispute is incorrect. Defendant's theory that "Plaintiff is seeking coverage for this same, unrepaired damage" does not render this case an exercise in policy coverage alone (Dkt. #20 at p. 7). Actually, Defendant's theory does just the opposite. It accentuates the dispute over the amount of loss (Dkt. #20 at p. 7). Whereas Plaintiff claims a June 2024 storm caused $42,000 in *new* damage, Defendant claims the storm caused $0 in damage because this damage is preexisting. But "nothing prevents the appraisers from finding '$0' if that

---

[2] Defendant also claims that "the statute of limitations bars Plaintiff's damages from 2021" (Dkt. #20 at p. 7). Defendant's essential theory of the case appears to be that the damage underlying this lawsuit is the same damage underlying his 2021 claim (*See* Dkt. #20). Given the duplicative nature of this case, then, according to Defendant, appraisal is not necessary. Time will tell if Defendant's theory of the case should prevail. But simply because Defendant disagrees that Plaintiff has a legitimate claim does not mean that the Court is bound to deny Plaintiff's Motion, let alone treat as time-barred his underlying claims. In any event, the proper vehicle to seek dismissal under a statute of limitations defense is via a motion—not in response to Plaintiff's Motion to Compel. *See Songbyrd, Inc. v. Bearsville Records, Inc.*, 104 F.3d 773, 775 n.3 (5th Cir. 1997). The Court will accordingly not entertain Defendant's argument on this basis.

is how much damage they find." *Johnson*, 290 S.W.3d at 893. The possibility that a coverage issue may exist does not preclude appraisal. *See Apolinar*, 2024 WL 3448019, at *3. In fact, appraisal may be needed even where a broader coverage issue exists. *See Johnson*, 290 S.W.3d at 893 ("When an insurer denies coverage, appraisers can still set the amount of loss in case the insurer turns out to be wrong."). A party "cannot avoid appraisal . . . merely because there might be a causation question that exceeds the scope of appraisal" as well. *Duncan*, 2021 WL 2376609, at *2. Here, because the parties share a core dispute as to the value of the damage, appraisal is necessary. *See Johnson*, 290 S.W.3d at 887. The Court sees no reason to order otherwise, and retains little discretion over that core question, anyway. *See id.*

## II.    Conditions Precedent

Turning to Defendant's next effort to avoid appraisal, it argues that various conditions precedent render the Appraisal Provision inoperable here. Specifically, Defendant argues that Plaintiff did not uphold his contractual obligation to "timely report the claim, . . . make reasonable and necessary repairs to the Property, and . . . keep a record of repair expenses" (Dkt. #20 at p. 6). By failing to do so, he does not have a right to invoke appraisal under the policy, so the argument goes (Dkt. #20 at p. 6). That argument is not persuasive. Even if the Court were to assume that Plaintiff did not fulfill other contractual obligations, Plaintiff can still exercise his contractual right to appraisal because the other obligations do not constitute conditions precedent. Under Texas law, courts look to the language of a contract to determine whether a condition precedent exists. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 858 (5th Cir. 2010) ("Texas courts interpret insurance policies according to the rules of contractual construction."). As this Court has stated, under Texas law:

7

> "In order to determine whether a condition precedent exists, the intention of the parties must be ascertained; and that can be done only by looking at the entire contract." "In order to make performance specifically conditional, a term such as 'if', 'provided that', 'on condition that', or some similar phrase of conditional language must normally be included." "While there is no requirement that such phrases be utilized, their absence is probative of the parties['] intention that a promise be made, rather than a condition imposed."

*Adami v. Safeco Ins. Co. of Indiana*, No. 4:17-cv-574, 2018 WL 501093, at *3 (E.D. Tex. Jan. 22, 2018) (quoting *Dike v. Valley Forge Ins. Co.*, 797 F. Supp. 2d 777, 783 (S.D. Tex. 2011)).

These principles in mind, the Court turns to the plain text of the Policy at issue. Here, the Appraisal Provision provides, in pertinent part:

> If you and we do not agree on the amount of loss, including the amount of ***actual cash value*** or replacement cost, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire, then, on request of you or the company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then resolve the issues surrounding the loss, appraise the loss, stating separately the ***actual cash value*** or replacement cost of each item, and failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two of these three, when filed with the company shall determine the amount of loss.

(Dkt. #1-14 at p. 48). The Court discerns no condition precedent in this language, nor elsewhere in the entire contract. Nothing suggests that the parties intended invocation of this provision to be conditioned on fulfillment of a separate obligation. The only condition precedent is that Plaintiff and Defendant "do not agree on the amount of loss" (Dkt. #1-14 at p. 48). Defendant highlights no other provision in support of its argument to the contrary. Instead, its argument rests only on the yet-to-be-proven notion than Plaintiff's claim is nothing but a claim to recover insurance proceeds twice for the same damage. That will not do.

This approach finds support in similar cases involving appraisal provisions within the Fifth Circuit. Most salient here is *Dike*, decided by a district court in the Southern District of Texas.

8

There, the defendant insurance company sought appraisal under a policy much like the one that now occupies the Court's attention. *Compare Dike*, 797 F. Supp. 2d at 783, *with* (Dkt. #1-14 at p. 48). The plaintiff insured opposed the insurance company's motion because, according to the insured, the insurance company failed to fulfill one of its listed duties after a loss and, therefore, could not invoke appraisal. *Id*. The district court found that argument unavailing because the plaintiff could not point to anything in the contract suggesting that the Appraisal Provision's utility was conditioned upon one of the listed duties. *Id*.

The same is true here. Indeed, analyzing the Appraisal Provision in light of the Policy as a whole, the Court sees no reason to interpret the Appraisal Provision as subject to any conditions precedent that would bar Plaintiff from invoking it here. As was the case in *Dike*, "the appraisal clause does not use conditional language and [Defendant] has not identified any provision in the contract showing that the parties intended" for Plaintiff's duties after a loss to apply to the Appraisal Provision (Dkt. #20 at p. 6). *See Dike*, 797 F. Supp. 2d at 783. And critically, Defendant neglects to direct the Court to any condition precedent that would thwart Plaintiff's attempt to invoke the Appraisal Provision. Instead, Defendant's Response claims that "the Policy provides that insurance would be provided if Policy provisions are complied with" (Dkt. #20 at p. 6). According to Defendant, because it believes that the instant claim is duplicative of a Plaintiff's 2021 claim, and because Plaintiff "failed to make reasonable and necessary repairs to the [p]roperty, and failed to keep a record of repair expenses" for the prior claim, Plaintiff can no longer avail himself of any rights under the Policy, let alone the Appraisal Provision (Dkt. #20 at p. 6). Whether Plaintiff should recover under the Policy is a different question than whether he may seek to enforce this extra-judicial right of appraisal. Based on the language of the Policy, Defendant's arguments do not

9

persuade the Court that any condition precedent bars appraisal here. As such, Plaintiff's invocation of the Policy's Appraisal Provision is not conditioned on the contractual provisions pointed out by Defendant (Dkt. #20 at p. 6). *See id.*; *Adami*, 2018 WL 501093, at *3; *EDM Off. Servs., Inc. v. Hartford Lloyds Ins. Co.*, No. H-10-3754, 2011 WL 2619069, at *4 (S.D. Tex. July 1, 2011) (construing similar appraisal provision and determining that various claims handling provisions did not constitute conditions precedent to appraisal).

### III.    Waiver

Lastly, the Court turns to Defendant's final arrow in its quiver in an effort to avoid appraisal: waiver. Defendant claims that Plaintiff cannot invoke the Appraisal Provision because he waived his right to do so under the Policy (Dkt. #20 at pp. 9–12). Whether Plaintiff waived his right turns on whether he waited an unreasonable amount of time past the point of impasse to invoke appraisal and whether Defendant has shown that they have been or will be prejudiced as a result. *See In re Universal*, 345 S.W.3d at 412. The point of impasse occurs at "the apparent breakdown of good-faith negotiations," where "further negotiations would be futile, 'or would be of no effect if performed.'" *Id.* at 408 (quoting *Clancy*, 8 S.W. at 631). Defendant argues that the point of impasse is sometimes "when the insurance company made its decision on the claim" (Dkt. #20 at p. 10). *See Sanchez v. Prop. & Cas. Ins. Co. v. Hartford*, No. H-09-1736, 2010 WL 413687, at *4 (S.D. Tex. Jan. 27, 2010). Defendant argues that, because the damage for which Plaintiff seeks coverage is the same as the damage already covered in Plaintiff's resolved 2021 claim, the point of impasse is in 2021 (Dkt. #20 at p. 10). Given that theory, and because Plaintiff did not invoke appraisal for this damage until 2024, Plaintiff did not invoke the Appraisal Provision in a reasonable period of time and therefore waived his right thereto, so the argument goes (Dkt. #20 at p. 10).

Once more, Defendant's analysis is misguided, and so too is its conclusion. That is because Defendant is incorrect regarding the point of impasse. It did not occur in 2021, as Defendant submits. The proper calculation shows that the date of impasse occurred in 2024. Indeed, that is when "the apparent breakdown of good-faith negotiations" occurred on *this claim*, and when it became clear that "further negotiations would be futile." *See In re Universal*, 345 S.W.3d at 412. Indeed, Plaintiff seeks relief for damage which, he alleges, occurred in June of 2024 (Dkt. #19 at p. 2). Plaintiff filed a claim in December 2024, in response to which Defendant denied coverage and refused appraisal (Dkt. #20-10). Thus, Plaintiff invoked appraisal on December 23, 2024—approximately eleven days after Defendant denied coverage on the 2024 claim (Dkt. #20, Exhibit A-9). Eleven days is not, nor does Defendant claim it to be, an unreasonable amount of time to invoke appraisal (*See* Dkt. #20). Defendant cannot carry his burden to show that Plaintiff waited an unreasonable amount of time past the point of impasse. *EDM*, 2011 WL 2619069, at *5 (applying Texas law to appraisal provision and stating that "[w]aiver is an affirmative defense, and the party alleging waiver has the burden of proof"); *SPJST Lodge #154 & Am. Sokol Org. v. Century Sur. Co.*, No. 4:15-CV-710-O, 2015 WL 12699508, at *1 (N.D. Tex. Nov. 23, 2015) (quoting *Sanchez v. Prop. And Cas. Ins. Co. of Hartford*, No. H-09-1736, 2010 WL 413687, at *4 (S.D. Tex. 2010) ("The party asserting that the right to an appraisal under an appraisal clause has been waived bears the burden of proof.")).

Nor has Defendant carried its burden to show prejudice, despite its efforts. Defendant's argument regarding prejudice is yet another regurgitation of its causation defense, which has no bearing on the issue of appraisal. Indeed, Defendant claims that "[a]llowing appraisal to move forward for Plaintiff's 2024 claim, while damages from the 2021 claim still exist . . . inflates the

11

amount of loss included in the appraisal award" (Dkt. #20 at p. 11). That is a causation issue for another day that the appraisers will not touch. Defendant also claims that "Plaintiff is engaging in conduct constituting purposeful manipulation of the appraisal process" by attempting to recover twice for the same damage (Dkt. #20 at p. 12). Those unsubstantiated claims are better fit for a motion to dismiss or for summary judgment; they do nothing to combat application of the Appraisal Provision here. Accordingly, Defendant has not fulfilled its "difficult" task of proving it was prejudiced by any delay such that the Court should conclude that Plaintiff waived his right to appraisal. *See In re Universal*, 345 S.W.3d at 412.

\* \* \*

At bottom, because the parties dispute the value of the damage done to Plaintiff's home, appraisal is appropriate. Defendant's arguments to the contrary are not persuasive. No conditions precedent bar Plaintiff's attempt to invoke the Appraisal Provision clause here. And Defendant has not carried its burden to show that Plaintiff waived his right to appraisal. Because appraisal may be needed to establish the value of Plaintiff's claim, and because it will only serve to make this case "easier to resolve in an efficient and timely basis," appraisal is appropriate. *See Nolan*, 2012 WL 12892785, at \*4. Further, because a key dispute in this case is the question of value of loss, the Court will exercise its discretion to abate this case pending appraisal. *See Barron*, 2023 WL 7105592, at \*2; *see also Johnson*, 2015 WL 11170153, at \*3 ("[T]he majority of Texas courts have held that when a plaintiff asserts extra-contractual claims in addition to a claim for breach of contract, it is in the best interest of justice that the entire case be abated pending appraisal.").

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Compel Appraisal and Abate Judicial Proceedings (Dkt. #7) is hereby **GRANTED**. It is further ordered that this civil action be **ABATED** pending appraisal.

**IT IS SO ORDERED.**

SIGNED this 5th day of August, 2025.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE