# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| VENUGOPAL MURIKI, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> SAFECO INSURANCE COMPANY OF § <br> INDIANA, § <br> § <br> *Defendant*. § | Civil Action No. 4:25-cv-84 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Limit Plaintiff's Claim for Attorney's Fees (Dkt. #11). Also pending before the Court is Defendant's Verified Plea in Abatement (Dkt. #12). Having considered the Motions, the relevant pleadings, and the applicable law, the Court finds as follows:

1. Defendant's Motion to Limit Plaintiff's Claim for Attorney's Fees (Dkt. #11) should be **GRANTED**; and

2. Defendant's Verified Plea in Abatement (Dkt. #12) should be **DENIED as moot**.

## BACKGROUND

This is an insurance dispute. Plaintiff Venugopal Muriki ("Plaintiff") is the owner of a home at 4103 Spring Meadow Lane, Flower Mound, Texas, insured via a homeowner's policy with Defendant Safeco Insurance Company of Indiana ("Defendant") (Dkt. #19 at p. 2). On December 10, 2024, Plaintiff submitted a claim with Defendant after his home allegedly suffered damage in a storm on June 2, 2024 (Dkt. #19 at p. 2). Defendant's adjuster inspected the property two days later and denied coverage, stating the property's damage was from a prior claim made in 2021 (Dkt. #20-9). Plaintiff attempted to invoke his contractual right to appraisal, which Defendant rebuffed

(Dkt. #7 at p. 3; Dkt. #20-10). On December 23, 2024, Plaintiff sent a demand letter to Defendant alleging breach of contract, breach of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code (Dkt. #1-14). The letter demanded over $50,000 and noted the potential to seek treble damages (Dkt. #1-13).

On December 26, 2024, Plaintiff proceeded to file suit in Denton County's County Court at Law 2 alleging various breach of contract claims and violations of the Texas Deceptive Trade Practices Act and Texas Insurance Code (Dkt. #1-4; Dkt. #3). Defendant originally filed the instant Motion to Limit Plaintiff's Claim for Attorney's Fees (Dkt. #11) and Verified Plea in Abatement (Dkt. #12) in state court (*See* Dkt. #1-5; Dkt. #1-7; Dkt. #1-9). After removing the case, Defendant re-urged the Motions before this Federal court (Dkt. #11; Dkt. #12). Plaintiff responded to both Motions on February 1, 2025 (Dkt. #13; Dkt. #14). Defendant replied to Plaintiff's Response to its Motion to Limit Attorney's Fees on February 7, 2025 (Dkt. #16). Both matters being ripe and related to each other, the Court takes them up collectively now.

## LEGAL STANDARD

Defendant's request arises under § 542A.003 of the Texas Insurance Code and § 17.505 of the Texas Business and Commerce Code. Before entertaining a request under these statutory provisions, the Court begins with the threshold question of whether they apply. They do. "The *Erie* doctrine requires federal courts to apply substantive state law when adjudicating state law claims. Procedural matters, however, are governed by federal law." *Herbert v. Wal-Mart Stores, Inc.*, 911 F.2d 1044, 1047 (5th Cir. 1990) (citing *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). Though both statutes appear to be procedural at first blush, federal courts sitting in diversity treat them as substantive. As this Court has held, consistent with Fifth Circuit precedent, under the *Erie*

2

doctrine, Federal Courts should apply § 542A.003's pre-suit notice provision of the Texas Insurance Code when sitting in diversity. *Davis v. Allstate Fire & Cas. Ins. Co.*, No. 4:18-CV-00075, 2018 WL 3207433, at *3 (E.D. Tex. June 29, 2018). The same is true as to § 17.505(a) of the Texas Business and Commerce Code. *See, e.g.*, *Franklin v. Apple Inc.*, 569 F. Supp. 3d 465, 482 n.1 (E.D. Tex. 2021) ("Although providing sufficient notice is a procedural process, federal courts should apply the notice provision in the DTPA because its purpose is intertwined with Texas's substantive policy."); *Benny White Flying Serv., Inc. v. Prof'l Aviation Ins. Reciprocal*, No. 5:13-CV-093-C, 2013 WL 12124596, at *1 (N.D. Tex. July 22, 2013). Indeed, both parties agree that § 542A.003's notice provision of the Texas Insurance Code applies here. The parties also agree that § 17.505(a) of the Texas Business and Commerce Code applies.

Section 542A of the Texas Insurance Code establishes the notice requirements to be given to an insurer prior to bringing a claim related to certain property damage. *See* TEX. INS. CODE ANN. § 542A.003(a). The purpose of these notice requirements is "to discourage litigation and encourage settlements." *Hines v. Hash*, 843 S.W.2d 464, 468 (Tex. 1992); *see Carrizales v. State Farm Lloyds*, No. 3:18-CV-0086-L, 2018 WL 1697584, at *4 n.6 (N.D. Tex. Apr. 6, 2018) (quoting *Ross v. Nationwide Ins. Co. of Am.*, No. H-10-4076, 2011 WL 11201, at *1 n.1 (S.D. Tex. Jan. 3, 2011) ("Both the Texas Insurance Code and the DTPA require a Plaintiff to give 60 days' notice to a defendant before filing suit. The purpose of the requirement is the same under both states, 'to encourage settlement and avoidance of litigation.'")).

>    Pursuant to § 542A.003:
>
>    (a)   [N]ot later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action.
>
>    (b)   The notice required . . . must provide:
>
>    (1)   a statement of the acts or omissions giving rise to the claim; the specific amount alleged to be owed by the insurer
>    (2)   on the claim for damage to or loss of covered property; and
>    (3)   the amount of reasonable and necessary attorney's fees incurred by the claimant . . .
>
>    (c)   If an attorney or other representative gives the notice . . . on behalf of a claimant, the attorney or representative shall:
>
>    (1)   provide a copy of the notice to the claimant; and
>    (2)   include in the notice a statement that a copy of the notice was provided to the claimant.

Tex. Ins. Code Ann. § 542A.003(a)-(c).

Section 542A allows a defendant who "did not receive a pre-suit notice complying with Section 542A.003" to "file a plea in abatement not later than the 30th day after the date the person files an original answer in which the action is pending" until proper notice is given. *Id.* § 542A.005(a)(1). "The court shall abate the action if the Court finds the person filing the plea . . . did not, for any reason, receive a pre-suit notice complying with Section 542A.003." *Id.* § 542A.005(b)(1). The burden of proof lies with the party seeking abatement to establish its propriety. *Carrizales*, 2018 WL 1697584, at *2 (citing *In re Vanblarcum*, No. 13-1500056-CV, 2015 WL 1869415, at *1 (Tex. App.—Corpus Christi Apr. 22, 2015, pet. denied) (mem. op.) (collecting cases)). "An abatement under this section [either automatic or court ordered] continues until . . . the 60th day after the date a [proper] notice . . . is given." Tex. Ins. Code Ann. § 542A.005(e)(1).

4

Section 17.505 of the Texas Business and Commerce Code contains a similar notice provision. Under it:

> As a prerequisite to filing suit seeking damages under [the Texas Deceptive Trade Practices Act] . . . a consumer shall give written notice to the person at least 60 days before filing the suit advising the person in reasonable detail of the consumer's specific complaint and the amount of economic damages . . . and expenses, including attorney's fees, if any, reasonably incurred by the consumer in asserting the claim against the defendant.

TEX. BUS. & COM. CODE § 17.505(a). A party entitled to notice that does not receive it "may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the suit is pending." *Id.* § 17.505(b). "Abatement of a claim is proper where the plaintiff gives written notice within 60 days but fails to adequately provide enough information for the party to determine whether to pursue settlement or litigation." *Benny*, 2013 WL 12124596, at *1 (citing TEX. BUS. & COM. CODE § 17.505(c)–(d)). These requirements "'establish a fairly low threshold' for what constitutes an adequate and sufficient notice letter." *Id.* (quoting *Richardson v. Foster & Sear, L.L.P.*, 257 S.W.3d 783, 786 (Tex. App.—Fort Worth 2008, no pet.)). With these statutory frameworks in mind, the Court turns to Defendant's Motion.

## ANALYSIS

Defendant requests that the Court apply § 542A and § 17.505 because, according to it, Plaintiff did not serve Defendant with proper pre-suit notice (Dkt. #11 at p. 3). Indeed, Defendant, in its original state court Answer, claims that it was not given timely notice as § 542A.003 and § 17.505 require (Dkt. #1-5 at p. 7). *See* TEX. INS. CODE ANN. § 542A.003; Tex. Bus. & Com. Code § 17.505. In support, Defendant notes that on December 23, 2024, Plaintiff sent Defendant a letter outlining the claimant's complaints and demanding specific monetary amounts (Dkt. #11 at p. 1; Dkt. #1-14). Plaintiff filed suit in state court three days later (Dkt. #1-4; Dkt, #3; Dkt. #11 at p. 1).

5

While the demand letter appears to include all necessary substantive details listed in § 542A.003(b) of the Texas Insurance Code and § 17.505(a) of the Texas Business and Commerce Code, Plaintiff did not comply with either statute's timeliness requirement. Obviously, three days falls far short of the requisite sixty days (Dkt. #1-14). *See* TEX. INS. CODE § 542A.003(a)-(b); TEX. BUS. & COM. CODE § 17.505(a). Accordingly, Plaintiff's notice was not timely.

Regarding Defendant's Motion to Limit Plaintiff's Claim for Attorney's Fees, § 542A.007(d) provides a mechanism to limit them in certain instances. Specifically, it states:

> If a defendant in an action to which this chapter applies pleads and proves that the defendant was entitled to but was not given a presuit notice stating the specific amount alleged to be owed by the insurer under Section 542A.003(b)(2) at least 61 days before the date the action was filed by the claimant, the court may not award to the claimant any attorney's fees incurred after the date the defendant files the pleading with the court. A pleading under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in the court in which the action is pending.

*Id.* § 542A.007(d). While "§ 542A.007(d) does not preclude attorneys' fees if a claimant failed to abide by § 542A.003's notice requirements for *any* reason," it does preclude them where notice is not provided "at least 61 days before the date the action was filed by the claimant." *Mumtaz v. Allstate Vehicle and Prop. Ins. Co.*, No. 4:22-cv-00542, 2023 WL 137461, at *3 (E.D. Tex. Jan. 9, 2023); TEX. INS. CODE ANN. § 542A.007(d).

Plaintiff contends that because the purpose of the notice requirement is to encourage settlement and "Defendant was not even entertaining settlement," attorney's fees should not be limited (Dkt. #13 at p. 2). Plaintiff points to no authority, nor has the Court found any, where such an argument held water (*See* Dkt. #13). In fact, § 542A.003(d) provides two exceptions to the notice requirement. A lack of interest in settlement is not among them. *See* TEX. INS. CODE ANN. § 542A.003(d) (noting that "[a] presuit notice . . . is not required if . . . impracticable because:

6

(1) the claimant has a reasonable basis for believing there is insufficient time to give . . . notice before the limitations period will expire; or (2) the action is asserted as a counterclaim."). The Court finds no reason to create a new exception to the statute *sua sponte*, especially where district courts have previously declined to do so. *See Rahe v. Meridian Sec. Ins. Co.*, No. 3:21-cv-545, 2022 WL 614995, at *2 (N.D. Tex. Feb. 28, 2022) (holding that "[p]laintiff was required to wait sixty days prior to filing suit" despite her argument "that it was unnecessary to wait the full duration based on the purpose of the presuit notice").

Defendant first pleaded that it did not receive proper notice via its original state court Answer on January 15, 2025 (Dkt. #1-5 at p. 7). Defendant has proved that allegation. Defendant filed its Motion to Limit Attorney's Fees on January 27, 2025 (Dkt. #1-9). Thus, Plaintiff has not provided adequate pre-suit notice, and Defendant filed its Motion to Limit Attorney's fees within thirty days of filing its answer.[1] Thus, the Court has no discretion; it "may not award to [Plaintiff] any attorney's fees after" January 27, 2025—the date Defendant filed its Motion to Limit Attorney's Fees. *See* TEX. INS. CODE ANN. § 542A.007(d); (*see also* Dkt. #1-9).

Finally, the Court turns to Defendant's Verified Plea in Abatement (Dkt. #12). "'If a plaintiff does not comply with [§ 542A.003's] notice requirement, abatement of the action for the statutory notice period is more consistent with the purpose of notice than dismissal.'" *Decuir v. Allstate Tex. Lloyds*, No. 121CV00587MACZJH, 2022 WL 1252396, at *3 (E.D. Tex. Feb. 8, 2022),

---

[1] The Court further notes that Defendant timely filed its plea in abatement under TEX. INS. CODE ANN. § 542A.005(a) because Defendant filed its plea in abatement before filing its answer in state Court. *See* TEX. INS. CODE ANN. § 542A.005(a) ("[A] person against whom an action to which this chapter applies is pending may file a plea in abatement not later than the 30th day after the date the person files an original answer in the court in which the action is pending . . . ."); *see also* (Dkt. #12; Dkt #19). Defendant's Plea in Abatement is also timely under § 17.505(c) because it was not filed "later than the 30th day after the date [it] file[d] an original answer in the court in which the suit is pending." *See* TEX. BUS. & COM. CODE § 17.505(c).

7

*report and recommendation adopted*, No. 1:21-CV-00587, 2022 WL 1240416 (E.D. Tex. Apr. 26, 2022) (quoting *Perrett v. Allstate Ins. Co.*, 354 F. Supp. 3d 755, 757 (S.D. Tex. 2018)). The abatement period would run until "the 60th day after the date a notice complying with Section 542A.003 is given." TEX. INS. CODE ANN. § 542A.005(e)(1). But "[a] plea in abatement can be denied as moot in cases where courts address the abatement issue more than sixty days after notice is given." *Flores v. Allstate Ins. Co.*, No. 1:13-CV-613, 2013 WL 12155745, at *1 (E.D. Tex. Nov. 6, 2013). Plaintiff sent the demand letter on December 23, 2024 (Dkt. #1-14). It being more than sixty days from that date, Defendant's Verified Plea in Abatement is moot. And in any event, Defendant has not shown that Plaintiff's notice is deficient in any manner other than its untimeliness (*see* Dkt. #12). Hence, abatement is not appropriate under § 542A of the Texas Insurance Code nor § 17.505 of the Texas Business and Commerce Code. Accordingly, Defendant's Plea in Abatement should be denied as moot. *See Decuir*, 2022 WL 1252396, at *3 (denying a plea in abatement as moot under like circumstances).

## CONCLUSION

It is **ORDERED** that Defendant's Motion to Limit Plaintiff's Claim for Attorney's Fees (Dkt. #11) is hereby **GRANTED**. It is further **ORDERED** that Defendant's Verified Plea in Abatement (Dkt. #12) is hereby **DENIED as moot**.

**IT IS SO ORDERED**.

**SIGNED this 5th day of August, 2025.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE